## 16165. HEARD v. THE STATE.

BROYLES, C. J. 1. A motion for a new trial based upon alleged newly discovered evidence is fatally defective unless accompanied by an affidavit of the movant that he "did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Civil Code (1910), § 6086. The court therefore did not err in overruling the ground based upon such evidence.

2. The other special grounds of the motion for a new trial, complaining of rulings upon the admissibility of evidence, but not showing that objection to it was made at the trial, are too incomplete to be considered by this court.

3. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

Judgment affirmed. Luke and Bloodworth, JJ., concur.
DECIDED MARCH 27, 1925.

Indictment for assault with intent to murder; from Fulton superior court—Judge Howard. December 6, 1924.

Benjamin H. Hill, for plaintiff in error.

John A. Boykin, solicitor-general, Ralph H. Pharr, contra.

---

## 16169. COOLEY FURNITURE COMPANY v. STATE OF GEORGIA et al.

BROYLES, C. J. The verdict was amply authorized by the evidence and neither ground of the amendment to the motion for a new trial shows reversible error.

Judgment affirmed. Luke and Bloodworth, JJ., concur.
DECIDED MARCH 27, 1925.

Confiscation of automobile; from Gwinnett superior court—Judge Russell. December 10, 1924.

O. A. Nix, for plaintiff in error.

Pemberton Cooley, solicitor-general, contra.